## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                     Crim. Case No. 10-20198-D1
                                            **Civil Case No. 20-11753**

v.

                                            Honorable Denise Page Hood

TYREE DAVON WASHINGTON,

        Defendant.

_____/

## ORDER DENYING MOTIONS TO VACATE SENTENCE UNDER 22 U.S.C. § 2255 (CIVIL CASE NO. 20-11753 AND CRIMINAL CASE NO. 10-20198-D1, ECF No. 198), DENYING MOTIONS TO AMEND MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (CASE NO. 10-20198-D1, ECF Nos. 213, 267), MOOTING MOTION TO APPOINT COUNSEL (CASE NO. 10-20198-D1, ECF No. 215), AND CLOSING ACTION

This matter is before the Court on Motion to Vacate Sentence under 28 U.S.C. § 2255 filed on June 19, 2020 by Defendant/Petitioner Tyree Davon Washington. The Government opposes the motion. For the reasons set forth below, the Court denies the Motion to Vacate Sentence. The Motions to Amend are also denied, the Court having considered the arguments therein. The Motion to Appoint Counsel is rendered moot, the Court having also considered the arguments raised in the Motion.

## I.    BACKGROUND

On September 19, 2011, a jury found Washington guilty of the following 11 counts: Attempted Carjacking (Count I), three counts of Use of a Firearm During and in Relation to a Crime of Violence (Counts II, V, and VIII), two counts of Felon in Possession of a Firearm (Counts III and XI), and two counts of Carjacking (Aiding and Abetting) (Counts IV and VII). [Case No. 10-20198, ECF No. 123]  The Court first sentenced Washington on January 27, 2012. At that hearing, the Court granted the Government's request to impose Washington's three carjacking sentences under § 924(c) in the order in which Washington committed them. Because Washington discharged his firearm during the first carjacking, he received ten years for his first offense. *See* 18 U.S.C. § 924(c)(1)(A)(iii). Pursuant to § 924(c), Washington received two consecutive 25-year sentences for the second and third carjackings. *See* § 924(c)(1)(A)(iii). Washington's sentence initially amounted to a total mandatory sentence of sixty years.

Washington then appealed the Court's sentence, arguing that the Court should have used its discretion to treat one of the brandishing counts as the first § 924(c) conviction. *United States v. Washington*, 714 F.3d 962, 966 (6th Cir. 2013). Had the Court done so and used one of Washington's brandishing charges as the first conviction, Washington would have received a seven-year sentence for his first conviction. His total mandatory minimum sentence would have been reduced by

three years to fifty-seven years.  On appeal, the Government conceded that the chronological ordering of § 924 is erroneous and did not oppose a limited remand to reduce Washington's sentence. *See Washington*, 714 F.3d at 966.

Washington was resentenced on September 10, 2013 to:  "Counts 1, 3, 4, 7, 11, One (1) day time served. Count 2, 25 years. Count 5, 7 years. Count 8, 25 years. Counts 2, 5, & 8 are to run consecutive to Counts 1, 3, 4, 7, and 11. Counts 2, 5 & 8 consecutive to each other and consecutive to the defendant's state sentence." [ECF No. 174, PageID.1674]   During Washington's resentencing, he raised a new argument and asserted that *United States v. Alleyn*[1] required (1) that a jury, not a judge, must find that a defendant brandished a firearm for each carjacking charge; and (2) that a jury must find that the convictions were "second or subsequent" to apply § 924(c)'s 25-year mandatory minimum sentence. *See United States v. Alleyn*, 570 U.S. 99 (2013). Bound by the Sixth Circuit's limited remand, the Court was unable to hear Washington's new arguments. *Compare, United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012) (explaining the presumption that all remands are general, which "permit[] the district court to redo the entire sentencing process, including considering new evidence and issues") *with United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999) (explaining that a limited remand "explicitly

---

[1] During the Court of Appeals' Order of Remand and the Court's resentencing, the Supreme Court decided *United States v. Alleyn*, 570 U.S. 99 (2013).

outline[s] the issues to be addressed by the district court and create[s] a narrow framework within which the district court must operate"). This Court was "without jurisdiction to modify or change the [Sixth Circuit's] mandate." *Tapco Prods. Co. v. Van Mark Prods. Corp.*, 466 F.2d 109, 110 (6th Cir. 1972). The Sixth Circuit agreed and affirmed the second Judgment. *See United States v. Washington*, 573 F. App'x 588, 589 (6th Cir. 2014) ("We cannot review either of the substantive arguments Washington does raise because our previous remand was a limited remand.").

The instant § 2255 motion was later filed on June 19, 2020, along with the motions noted above.  Briefs have been filed.

## II.     ANALYSIS

### A. 28 U.S.C. § 2255

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence.  28 U.S.C. § 2255(a).  Motions brought under section 2255 are subject to a one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996, generally running from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2253(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). Although the instant Motion was brought after the one-year limitation period, 28 U.S.C. § 2253(f)(3) allows a defendant to bring a motion if a right has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3). On

June 24, 2019, the Supreme Court issued an opinion in *United States v. Davis*, 588 U.S. 445 (2019).  Any motion filed before June 24, 2020 arguing *Davis*, would be considered timely. Washington's June 19, 2020 motion was timely filed.

The Supreme Court, in *Davis*, held that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B)'s "residual clause" is unconstitutionally vague.  *Davis*, 588 U.S. at 470.  However, nothing in *Davis* invalidates the alternative crime of violence definition found in 18 U.S.C. § 924(c)(3)(A)'s "elements" clause. *See generally id.*

Following *Davis*, Washington argues that Carjacking no longer qualifies as a predicate "crime of violence" and his 18 U.S.C. § 924(c) counts cannot support his attempted carjacking conviction.  Washington then contends that the Court must use the "categorical" approach to determine whether "the minimum criminal conduct" that he could be convicted for under 18 U.S.C. § 924(c) requires actual or attempted use of force. Washington then asserts that the minimum criminal conduct for attempted carjacking does not require that he use or attempt to use force. [ECF No. 198, Pg.ID 1749]

In response, the Government argues that carjacking constitutes a "crime of violence" under § 924(c)(3)(A)'s **elements** clause. *See, e.g.*, *United States v. Jackson*, 918 F.3d 467, 485 (6th Cir. 2019). As the Sixth Circuit has repeatedly held,

carjacking by "intimidation" necessarily involves the threatened use of violent physical force and qualifies as a crime of violence under the elements clause. *Harper v. United States*, 792 F. App'x 385 (6th Cir. 2019); *see also United States v. Gardner*, No. 19-1603, 2020 WL 3447979, at *5 (6th Cir. June 24, 2020).

Washington also argues that attempted conduct and aiding and abetting charges are no longer sustainable. In response, the Government asserts that several other circuits have repeatedly found that an attempt to commit an offense that requires the use, attempted use, or threatened use of physical action is itself a "crime of violence" under § 924(c)(3)(A) and other provisions with similar wording. *See United States v. St. Hubert*, 909 F.3d 335, 351-353 (11th Cir. 2018) (holding that an attempted Hobbs Act robbery constitutes a crime of violence under the elements clause); *see also Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1132 (9th Cir. 2016) ("The 'attempt' portion of [the] conviction does not alter our determination that the conviction is a crime of violence. We have 'generally found attempts to commit crimes of violence, enumerated or not, to be themselves crimes of violence.") (internal citation omitted); *see also United States v. Armour*, 840 F.3d 904, 907-909 (7th Cir. 2016) (establishing that attempted bank robbery is a "crime of violence" under the elements clause); *Ovalles v. United States*, 905 F.3d 1300, 1305 (11th Cir. 2018) (finding that attempted carjacking is categorically a predicate crime of violence).

In addition to other circuits, the Government indicates that the Sixth Circuit has found that attempted carjacking can sustain a § 924(c)(1)(A) conviction. *Gardner*, 2020 WL 3447979, at *5. To support this view, the Government explains that "[a]n attempt conviction requires proof of intent to carry out all elements of the crime, including, for violent offense, threats or use of violence," along with a "substantial step toward completion of the crime." *Armour*, 840 F.3d at 909 n.3; *cf. United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007) ("[T]he mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct."). The Government further explains that an individual who takes a substantial step towards committing an inherently violent crime is appropriately understood to have at least attempted or threatened the use of violent action within the meaning of § 924(c)(3)(A).

As for Washington's aiding and abetting arguments, the Government contends that if the substantive offense qualifies as a crime of violence under the elements clause, then aiding and abetting also qualifies as a crime of violence. To prove aiding and abetting, the Government must establish that either the defendant or one of his associates committed each of the elements of the underlying offense, and that the defendant was "punishable as a principal" for that offense. The underlying principle of aiding and abetting is that the defendant took intentional and

7

active steps to facilitate the crime. 18 U.S.C. § 2(a); *see Rosemond v. United States*, 572 U.S. 65, 70-74 & n.6 (2014).

If the substantive crime "has an element the use, attempted use, or threatened use of physical force against the person or property of another," proof of aiding and abetting that crime would include proof of the same element. *See, e.g.*, *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (per curiam) (finding that armed robbery involving controlled substances qualifies as a crime of violence under § 924(c)(3)(A), and that aiding and abetting also qualifies "[b]ecause we treat an aider and abettor no differently than a principal"). The Government contends that the aforementioned aiding and abetting analysis has previously been applied to the offense of carjacking as a crime of violence. *See Steiner v. United States*, 940 F.3d 1282 (11th Cir. 2018) ("[I]n light of *Davis*, [the defendant's] conviction for aiding and abetting a violation of § 924(c) is valid only if his underlying conviction for aiding and abetting a carjacking qualifies under the elements clause of § 924(c)(3)(A) [and] . . . [w]e have previously held that carjacking qualifies as a crime of violence under § 924(c)(3)(A)."); *see also United States v. Richardson*, 948 F.3d 733, 742 (6th Cir. 2020) (finding that the defendant's aiding and abetting robbery conviction satisfied the elements clause).

The "elements clause" of § 924(c)(3) defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force

against the person or property of another." The federal carjacking statute, 18 U.S.C. § 2119, provides that a person is guilty of carjacking when, "with the intent to cause death or serious bodily harm," a person "takes a motor vehicle ... from the person or presence of another by force and violence or by intimidation."

The Sixth Circuit has held that "bank robbery by intimidation necessarily involves the use, attempted use, or threatened use of violent physical force. Because the federal bank robbery and carjacking statutes use identical language, our precedent requires us to conclude—as have the Fourth, Fifth, and Eleventh Circuits—that the commission of carjacking by 'intimidation' necessarily involves the threatened use of violent physical force and, therefore, that carjacking constitutes a crime of violence under § 924(c)'s elements clause." *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019); *United States v. Gardner*, 819 F. App'x 335, 341 (6th Cir. 2020). *Davis,* which addressed the "residual clause" in § 924(c)(3)(B), is not implicated in Washington's conviction under the "elements clause" in § 924(c) since carjacking remains a crime of violence under this statute. Washington is not entitled to relief based on *Davis*.

In *United States v. Taylor*, 596 U.S. 845 (2022), the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under the elements clause. *Taylor*, 596 U.S. at 852. After *Taylor* was issued, the Sixth Circuit held that *Taylor* does not change its analysis as to carjacking. *United States v. Jackson*, Case No. 22-

3958, 2023 WL 8847859 at *5 (6th Cir. Dec. 21, 2023)  The Sixth Circuit noted that the *Taylor* case involved an attempted Hobbs Act robbery which the Supreme Court held that such attempt crime could not serve as a predicate offense under § 924(c)(3) because the statute does not require proof that the defendant actually harmed anyone or threatened to harm.  *Id*.  A completed carjacking, however, requires use of force or intimidation to accomplish the goal.  *Id*.  The Sixth Circuit concluded that carjacking is a crime of violence under § 924(c)(3) and *Taylor* does not change the Sixth Circuit's previous findings.  As noted by the Sixth Circuit in this case, the record is clear that Washington physically touched the victims after the carjacking was completed.  *Washington*, 714 F.3d 969.  Washington is not entitled to relief under *Taylor*.

## B. The First Step Act

Since this Court resentenced Washington prior to the First Step Act's ("the Act") enactment, it was bound by § 924(c)(1)(C), which required that "[i]n the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to . . . not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i) (2006) (amended 2018). That typically raises the question: What counts as a second or subsequent conviction? *Deal v. United States* holds the answer. 508 U.S. 129 (1993).

In *Deal*, the Supreme Court interpreted the word conviction to mean the "finding of guilt by a judge or jury that necessarily precedes the entry of a final

judgment of conviction." *Id.* at 132. Guided by *Deal*, this Court has repeatedly determined that the 25-year mandatory minimum sentence attaches when a defendant is convicted of multiple § 924(c) counts in the same proceeding. *Id.* at 135-36; *see also Washington*, 714 F.3d at 970.

To contextualize the Court's prior sentencing, imagine the following example. A defendant with no criminal history was convicted on two counts of § 924(c)(1)(A)(ii), which criminalizes brandishing a firearm during a violent crime. The defendant would face a seven-year mandatory minimum sentence on the first count. On the second count, the court must view the defendant as a repeat offender. Given a defendant's conviction on the first § 924 count, the Court must impose a 25-year mandatory minimum sentence for the second count. The same would hold true for a third count. All of those § 924(c) sentences would run consecutively. *See* § 924(c)(1)(D)(ii).

Washington had no prior convictions under § 924(c) before the jury convicted him of three counts under § 924(c). Washington's first count was for brandishing a firearm. At the resentencing, this Court imposed the mandatory seven-year sentence. § 924(c)(1)(A)(ii). As required by *Deal*, this Court viewed Washington as a repeat offender and imposed 25-year mandatory minimum sentences for the two remaining counts. All together this Court sentenced Washington to 57 years in prison for his three § 924(c) convictions.

Washington asks the Court to determine his eligibility under the Act. The Act amends § 924(c) and removes the phrase "second or subsequent conviction under this subsection," and adds the clause "violation of this subsection that occurs after a prior conviction under this subsection has become final." *See* First Step Act, § 403(a); *see also* § 924(c)(1)(C). The amendments mean that a defendant would have to be a repeat offender with a prior, final conviction to be subject to the mandatory enhancement. If the Act applied to Washington, he would receive a seven-year sentence for the first count under § 924(c) and two seven-year sentences for the remaining § 924(c) counts. Under the Act's revisions, this computation would result in a 21-year sentence if the Court were to sentence Washington today.

The issue now before the Court is whether Washington can benefit from the Act's § 924(c) amendments. The Court finds that Washington is ineligible for resentencing under the Act's amendments. *See, Richardson*, 948 F.3d at 745.  In *Richardson*, the defendant was convicted of multiple, "stacked" § 924(c) counts. The defendant also sought relief under the Act's Amendments to reduce his mandatory minimum convictions. *Id.* Analyzing the Act's text and Congress' intent, the Sixth Circuit held that "the only defendants who can benefit from section 403 are those whose conduct predates December 21, 2018, but whose sentences had not yet been imposed." *Id.* at 748. (joining the Eleventh Circuit in *United States v. Garcia*, 778 F. App'x 779, 784–85 (11th Cir. 2019)). The Act's § 924(c) amendments provide no

12

retroactive relief and defendants sentenced before the Act's enactment are ineligible for relief for § 924(c) offenses. *Id.* ("The district court imposed [the defendant's] sentence in September 2017, making him ineligible for relief under the First Step Act.").

The Court is encouraged by Congress' interest in fair and equitable sentencing as evidenced by the First Step Act. It may seem unfair that two defendants with the same sentences will receive two very different sentences. But barring additional guidance from Congress, the Court is bound by *Richardson* and the language of the Act itself. *See* First Step Act, § 404 (applying retroactively the Fair Sentencing Act of 2010, which reduced mandatory minimum penalties to crack cocaine offenses). Since Washington's second sentencing occurred in the offenses in this case occurred in 2013, he is not entitled to any relief under the First Step Act.

### C. Motion to Appoint Counsel

Washington filed a Motion to Appoint Counsel for the Purpose of Filing a Motion to Reduce sentence under 18 U.S.C. § 3582(c)(1)(A) for compassionate release claiming "extraordinary and compelling" reasons exist to reduce his sentence based on the First Step Act.

The United States Constitution does not provide a right to counsel in collateral proceedings. *See Abdus–Samad v. Bell,* 420 F.3d 614, 632 (6th Cir.2005). Section 2255 requests for appointment of counsel should be considered under 18 U.S.C. §

3006A. *See* 28 U.S.C. § 2255(g). The ultimate decision to appoint counsel lies within the court's discretion, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also United States v. Stevens*, No. 6:06-85-DCR, 2010 WL 396288, at *1 (E.D. Ky. Jan. 27, 2010). Courts should appoint counsel "'if given the difficulty of the case and the litigant's ability, [he] could not obtain a lawyer on his own, and [he] would have a reasonable chance of winning with a lawyer at [his] side.'" *Thirkield v. Pitcher*, 199 F.Supp.2d 637, 653 (E.D. Mich. 2002) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)).

Washington was granted his request for counsel as to the § 2255 Motion but seeks counsel to file a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). In his Motion to Appoint Counsel, which was drafted by appointed counsel, Washington argues that based on the sentencing disparity between the amended sentence he received and what he would receive under the First Step Act, he has shown he is entitled to a sentence reduction based on compassionate release under § 3582(c)(1)(A).

As a general rule, absent a statutory exception, a district court cannot change a sentence once it is entered. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). The First Step Act amended § 3582(c)(1)(A) to allow defendants to file motions to reduce sentences or obtain compassionate release under certain circumstances. If the defendant has exhausted his administrative remedies, the Court

14

applies a three-step test. At step one, the Court must determine "whether 'extraordinary and compelling reasons warrant' a sentence reduction." *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). At step two, the Court must evaluate whether a sentence reduction is consistent with any applicable policy statement of the Sentencing Commission. *Id.* at 1108. The Sixth Circuit, however, has held that U.S.S.G. 1B1.13 is not a policy statement that limits the Court's consideration of a compassionate release motion. *Id.* Therefore, the Court need not analyze a defendant's request for consistency with U.S.S.G. 1B1.13. At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). The Sixth Circuit has clarified that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

It is noted that the Motion to Appoint Counsel for the Purpose of Filing a Motion to Reduce Sentence does not indicate whether Washington has exhausted his administrative remedies.  However, the Court, having reviewed the motion, finds that Washington has failed to show an extraordinary and compelling reason.  As noted above, the Court is unable to amend Washington's sentence under the First

Step act.  To the extent Washington is arguing that a ***nonretroactive*** change to the sentencing laws amounts to extraordinary and compelling reason, the Sixth Circuit has expressly rejected that argument. *United States v. McCall*, 56 F.4th 1048, 1065-66 (6th Cir. 2022).  Washington has not shown any other extenuating circumstances to support a reduction of sentence.  The Court is not persuaded that Defendant has shown an extraordinary or compelling reason on this record.  The Motion to Appoint Counsel for the Purpose of Filing a Motion to Reduce Sentence is rendered moot.

### D. First Motion to Amend

In his first Motion to Amend, Washington seeks to add claims that Counts Five and Eight were constructively amended resulting in convictions on Counts different from those issued by the Grand Jury, or in the alternative, a claim for Ineffective Assistance of Counsel.  Washington argues that the claims relate back to the originally filed pro se § 2255 Motion or equitable tolling should apply.  The Government opposes the motion arguing that the additional claims do not relate back to Washington's original § 2255 Motion and equitable tolling does not apply.

As noted above, the Court allowed the instant Motion, which was filed beyond the statute of limitations under the AEDPA and had become final, due to the Supreme Court's *Davis* opinion addressed above.  A proposed claim "relates back to the date of the original pleading" if the claim "arose out of the conduct,

16

transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). A proposed amendment "that 'asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth'" does not satisfy this standard. *Howard v. United States*, 533 F.3d 472, 476 (2008)(quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).  A "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659. "[A]ny 'new' facts [in a proposed claim] generally may differ only in specificity (not in kind) from those originally alleged." *Watkins v. Stephenson*, 57 F.4th 576, 581 (6th Cir. 2023).  Washington carries the burden on whether his petition can be amended at this time.  *Mattingly v. R.J. Corman R.R. Grp., LLC*, Case No. 5:19-CV-00170-JMH, 2021 WL 7081113, at *2 (E.D. Ky. Oct. 6, 2021); *White v. United States*, Case No. 3:13-CR-71-TAV-HBG, 3:15-CV-502-TAV, 2019 WL 1140175, at *3 (E.D. Tenn. Mar. 12, 2019).  "An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.  *See, Watkins v. Deangelo-Kipp*, 854 F.3d 846, 849–51 (6th Cir. 2017).  New claims of ineffective assistance of counsel have been determined to not relate back to prior claims related to even other ineffective

assistance of counsel allegations. *United States v. Clark,* 637 Fed. App'x 206 (6th Cir. 2016); *United States v. Herman*, 2020 WL 114194 (6th Cir. January 8, 2020).

The filing deadline for a § 2255 motion may be tolled if the petitioner shows that he "exercised reasonable diligence pursuing his claims," and that "some extraordinary circumstance prevented him from filing a timely petition." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011). However, "[e]quitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the [movant] retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

After review of the briefs filed, the Court finds Washington has not met his burden to show that the proposed amended claims can overcome the statute of limitations under the AEDPA. Washington raises new arguments and theories in the proposed amended claims which could have been raised within the statute of limitations. The only reason this matter is now before the Court is that the *Davis* opinion was issued by the Supreme Court. Washington is also not entitled to equitable tolling on his proposed amended claims since he has not met his burden that extraordinary circumstances prevented him from timely pursuing the new

arguments raised in his proposed amended petition.  The Court denies Washington's first Motion to Amend.

### E. Second Motion to Amend

Washington seeks to amend his § 2255 Motion based on the *Taylor* case. Having addressed *Taylor* above, the Court denies Washington's Second Motion to Amend.

## III.   CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997).

The Court finds that a certificate of appealability will not be issued in this matter based on the reasons set forth above.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Washington's Motion to Vacate under § 2255. **[Civil Case No. 20-11753; Criminal Case No. 10-20198, ECF No. 198]** is **DENIED**.

IT IS FURTHER ORDERED that Washington's Motion to Appoint Counsel for the Purpose of Filing a Motion to Reduce Sentence **[Criminal Case No. 10-20198, ECF No. 215]** is **MOOT**, the Court having considered the arguments raised in the motion and finding that Washington is not entitled to a reduction of sentence.

IT IS FURTHER ORDERED that Washington's Motions to Amend/Correct Motion to Vacate Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 10-20198, ECF Nos. 213, 267]** are **DENIED.**

IT IS FURTHER ORDERED that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 20-11753]** is **DISMISSED** with prejudice and this action is designated as **CLOSED** on the docket.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2024